**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 288-1610
minute_entries@phillipslaw.com

TREY DAYES (Arizona Bar No. 020805)
treyd@phillipsdayeslaw.com
DAWN SAUER (Arizona Bar No. 030271)
dawns@phillipsdayeslaw.com
JOHN COLLINS (Arizona Bar No. 030351)
johnc@phillipsdayeslaw.com
SEAN DAVIS (Arizona Bar No. 030754)
seand@phillipsdayeslaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Colegrove;<br><br>          Plaintiff,<br><br>     vs.<br><br>Western States Petroleum, Inc., an Arizona corporation; and Robert F. Kec and Janet T. Kec, husband and wife;<br><br>          Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Kenneth Colegrove brings this lawsuit seeking payment for overtime hours worked and for which Defendants failed to properly compensate him at a time and one-half rate, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

---

Complaint and Demand for Jury Trial                                                                                     Page 1

## NATURE OF THE CASE

1. The Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, ("FLSA") was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the FLSA.

4. For at least two years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For more than one year, prior to the filing of this action, Plaintiff worked at least ten hours in excess of forty (40) hours per week and was not paid time and one-half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions complained of herein occurred within the boundaries of the District of Arizona.

## PARTIES

9. At all times material hereto, Plaintiff Kenneth Colegrove was and continues to be a resident of Maricopa County, Arizona.

10. On information and belief, at all times material hereto, Defendant Western States Petroleum, Inc., was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

11. On information and belief, at all times material hereto, Defendants Robert F. Kec and Janet T. Kec, husband and wife, were and continue to be residents of Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

12. On information and belief, Defendant Robert F. Kec engaged in all conduct complained of herein for the benefit of his marital community, which is liable for Plaintiff's damages.

13. On information and belief, Defendant Robert F. Kec ("Kec") made all managerial and operational decisions on behalf of the business.

14. At all relevant times, Plaintiff was an "employee" of each of the Defendants, as defined by 29 U.S.C. § 203(e)(1).

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to each of the Defendants.

16. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18. All Defendants are co-equally liable for all matters.

19. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

20. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

**FACTUAL BACKGROUND**

21. Defendants hired Plaintiff beginning in September 2011.

22. In or about March 2013, Defendants assigned Plaintiff to work as a dispatcher.

23. Defendants paid Plaintiff wages at the rate of $20.00 per hour and tracked his time worked in the office with a time clock.

24. Plaintiff's job responsibilities for Defendants included printing orders, scheduling routes, and dispatching deliveries.

25. As part of his job responsibilities, Defendants required Plaintiff to keep at all times Defendants' "dispatch phone," a cellular telephone, the number to which Defendants provided to all of Defendants' customers and drivers.

26. Defendants required Plaintiff to answer all calls to the dispatch phone and to schedule routes and dispatch deliveries, or take other necessary action, regarding calls that he received.

27. Plaintiff received calls and acted in accordance with the calls that he received at all hours of the day and night and during all days of the week.

28. This requirement that Plaintiff man the dispatch phone resulted in a constant restriction of his daily activities due to the frequency of calls and the duty that Plaintiff deal promptly with all calls received.

29. However, because Plaintiff answered these calls away from the office, while off the clock, at Defendants' direction, Plaintiff received no compensation for any of these hours worked or left on call.

30. Plaintiff requested that Defendants pay him for this time worked off the clock; and although Defendants represented to him several times that they would evaluate the situation so that he could be properly and adequately compensated for this time worked off the clock, Defendants have failed to do so.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

31. Plaintiff incorporates and adopts paragraphs 1 through 30 above as if fully set forth herein.

32. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week, and Defendants further significantly restricted his movements and activities by placing him on call and by requiring him to handle all calls made to the dispatch phone.

33. Plaintiff was a non-exempt employee.

34. Each Defendant has intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

35. On information and belief, each Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

36. As the direct and proximate result of each of the Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

37. Pursuant to 29 U.S.C. § 216, each of the Defendants is liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

38. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

39. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

40. Defendants have not made a good faith effort to comply with the FLSA.

41. Plaintiff has been required to bring this action to recover his federal overtime wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendant, in an amount proved at trial;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

42.  Plaintiff incorporates and adopts paragraphs 1 through 41 above as if fully set forth herein.

43.  Plaintiff and Defendants have a dispute pending relative to the overtime compensation owed by Defendants to Plaintiff.

44.  The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

45.  Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a.  Defendants employed Plaintiff.

   b.  Defendants were engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

   c.  Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

   d.  Plaintiff worked hours in excess of forty hours per week at the request, direction, and knowledge of Defendants, including hours Defendants left Plaintiff on call.

   e.  Defendants have not properly compensated Plaintiff for the overtime hours he worked on behalf of Defendants.

  f. Defendants willfully violated the provisions of the FLSA in failing and refusing to compensate Plaintiff for his overtime compensation.

  g. Plaintiff is entitled to recover from Defendants the amounts of overtime compensation owed him plus an additional and equal amount as liquidated damages.

  h. Plaintiff is entitled to collect his attorneys' fees and costs reasonably incurred in prosecuting this action.

46. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

47. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a. Declaring that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

  b. Awarding Plaintiff his reasonable attorneys' fees and the costs and expenses of the litigation; and

  c. For such other and further relief as the Court deems just and proper.

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: April 10, 2014

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: */s/ John L. Collins*
    John L. Collins, Esq.
    Attorney for Plaintiff